IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | 01:16-CR-00006-11-ELR-AJB |
| | * | |
| GREGORY LANDON SMITH, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

This matter is before the Court for consideration of Magistrate Judge Alan J. Baverman's Report and Recommendation ("R&R") [Doc. 489] that Defendant's Motion to Suppress Seizure and Search [Doc. 237] be denied. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc 497]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

## I. Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Discussion

Defendant first objects that the magistrate judge erred in concluding that reasonable suspicion was a valid basis to stop the vehicle he was driving.  This Court agrees with the magistrate judge and finds that based on surveillance the experienced narcotics officers conducted, they had reasonable suspicion to believe Defendant had engaged in a criminal drug transaction with Olga Ramirez, which gave them a basis to conduct an investigatory traffic stop of Defendant's vehicle.

Thus, this Court overrules Defendant's objection here, and finds that the officers did conduct a valid *Terry*[1] stop.

It follows that based on the officers' valid *Terry* stop, they legitimately employed the investigative technique of using a drug-detecting dog to sniff for narcotics in Defendant's car. Defendant's second objection is therefore overruled as well.

### III. Conclusion

Based on the foregoing, this Court finds that the magistrate judge's factual and legal conclusions are correct. Accordingly the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R as the Opinion and Order of this Court and **DENIES** Defendant's Motion to Suppress Seizure and Search [Doc. 237].

**SO ORDERED**, this 18th day of January, 2017.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] Terry v. Ohio, 392 U.S. 1 (1968).